**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

WELDON INGRAM,

                                 Plaintiff,

              - v -                                      Civ. No. 1:10-CV-1583
                                                               (GLS/RFT)

STEPHEN W. HERRICK, *et al.*,

                                 Defendants.

**APPEARANCES:**                               **OF COUNSEL:**

WELDON INGRAM
Plaintiff, *Pro Se*
Albany County Correctional Facility
840 Albany Shaker Road
Albany, New York 12211

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      The Clerk has sent to the Court a civil rights Complaint, pursuant to 42 U.S.C. § 1983, and a Motion to Proceed *In Forma Pauperis* (IFP), filed by *pro se* Plaintiff Weldon Ingram, who is currently incarcerated at Albany County Correctional Facility. Dkt. No. 1, Compl.; Dkt. No. 2, IFP App. In his Complaint, Ingram complains of various constitutional infirmities he perceives have been inflicted upon him during his, apparently ongoing, state criminal prosecution. For a more complete statement of Plaintiff's claims, reference is made to the Complaint and supplemental papers. Dkt.

Nos 1, 3, & 4.

## I. DISCUSSION

### A. Application to Proceed *In Forma Pauperis*

Plaintiff has submitted an *In Forma Pauperis* Application. The Prison Litigation Reform Act (PLRA), codified in part at 28 U.S.C. § 1915(b), provides that an inmate who seeks *in forma pauperis* status is required to pay over a period of time the full amount of the filing fee provided for in 28 U.S.C. § 1914(a), which is currently $350.00 for most civil actions. After reviewing Plaintiff's Application, we find that he may properly proceed *in forma pauperis*.

### B. Allegations Contained in the Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

Moreover, under 28 U.S.C. § 1915A, a court must, as soon as practicable, *sua sponte*, review "a complaint in a civil action in which a prisoner seeks redress from

a governmental entity or officer or employees of a governmental agency" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(a) & (b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*).

Ingram brings this action pursuant to 42 U.S.C. § 1983, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983)); *see also Myers v. Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights").

Though not a model of clarity, Plaintiff's Complaint seems to be focused on the current state prosecution of him for his alleged role in assaulting Defendant Gail Moore. Plaintiff names as Defendants various players in that prosecution, and seems to lodge a litany of complaints as to how the state prosecution is proceeding. From supplemental papers he filed, we glean that this prosecution is, indeed, ongoing, and

he has not yet been sentenced.  *See* Dkt. Nos. 3 & 4.  The only relief sought by this action is "dismissal of all charges or time serve[d] for all known and unknown charges."  Compl. at ¶ 6.  Based on what has been presented to the Court thus far, we find that, pursuant to the *Younger* Abstention Doctrine, we must abstain from adjudicating this matter at this time.

The *Younger* Abstention Doctrine provides that federal courts generally must abstain from adjudicating federal claims that "'involve or call into question ongoing state proceedings.'"  *Lomtevas v. Cardozo*, 2006 WL 229908, at *4 (E.D.N.Y. Jan. 31, 2006) (quoting *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002)).  *Younger* abstention is proper when: "(1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims."  *Lomtevas v. Cardozo*, 2006 WL 229908, at *4 (quoting *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d at 198).

All three of the requirements for *Younger* abstention are met in the present case.  First, there appears to be an ongoing state proceeding in New York State Supreme Court concerning criminal charges against Plaintiff.  Second, New York State has a clear interest in overseeing the prosecution of state criminal charges.  Third, there is no indication that Plaintiff lacks the opportunity to pursue his claims in New York's

appellate courts. Therefore, *Younger* abstention is appropriate regarding Plaintiff's claim for injunctive relief.[1]

Alternatively, even if Plaintiff's criminal prosecution were complete, his § 1983 claims would nevertheless be barred. The Supreme Court has held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Plaintiff's claims in this action are barred because he has failed to show that his "conviction" or "sentence" has been overturned. *See Duamutef v. Morris*, 956 F. Supp. 1112, 1115-18 (S.D.N.Y. 1997). Because all of Plaintiff's claims relate to events that gave rise to Plaintiff's conviction and the sentence he is about to serve, this action is barred under *Heck* and we recommend dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), as it lacks an arguable basis in law.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's *In Forma Pauperis* Application (Dkt. No. 2) is

---

[1] *Younger* abstention does not apply to a claim for monetary damages. *See Rivers v. McLeod*, 252 F.3d 99, 101-02 (2d Cir. 2001).

**granted**; and it is further

**RECOMMENDED**, that pursuant to the Court's review under 28 U.S.C. § 1915 and § 1915A, Plaintiff's entire Complaint be should be **dismissed** pursuant to the *Younger* Abstention Doctrine, or, alternatively, pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on Plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date: January 24, 2011
      Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge